CLARE E. CONNORS #7936
United States Attorney
District of Hawaii

CRAIG S. NOLAN
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:   Craig.Nolan@usdoj.gov

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 15 2023

at ___ II ___ o'clock and ___ 15 ___ min. ___ A ___ M ___
Lucy H. Carrillo, Clerk

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEKAI WATANABE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Crim. No. 21-00066 HG<br><br>PRELIMINARY ORDER OF<br>FORFEITURE (SPECIFIC<br>PROPERTY) |

PRELIMINARY ORDER OF FORFEITURE (SPECIFIC PROPERTY)

WHEREAS an Information was filed on May 12, 2021 charging defendant

Kekai Watanabe with being a felon in possession of ammunition, in violation of

18 U.S.C. §§ 922(g)(1) and 924(a)(2) and providing notice that, upon conviction,

the government would seek forfeiture; and

WHEREAS, on or about May 19, 2021, pursuant to a plea agreement, defendant Kekai Watanabe pled guilty to the Information; and

WHEREAS, pursuant to 18 U.S.C. § 924(d), a person convicted of a violation of 18 U.S.C. § 922 shall forfeit to the United States any firearm(s) or ammunition involved in or used in the knowing violation of that statute; and

WHEREAS the United States seeks the forfeiture of all of defendant Kekai Watanabe's right, title, and interest in the following property (the "Specific Forfeitable Property"):

    i.    Seven rounds of Hornady 9mm Luger ammunition, two rounds of Blazer 9mm Luger ammunition, one round of Remington 9mm Luger ammunition, and a privately made firearm, 9mm Luger caliber, with no serial number, all seized from the defendant on or about May 12, 2020; and

WHEREAS, in his plea agreement, defendant Kekai Watanabe consented to the forfeiture of all of his right, title, and interest in the Specific Forfeitable Property; and

WHEREAS the Court has considered the defendant's plea of guilty, other evidence already in the record, and any additional evidence and information submitted by the parties; and

WHEREAS the Specific Forfeitable Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) as firearm(s) or ammunition involved in or used in

the offense to which defendant Kekai Watanabe has pled guilty, and the Court so

finds; and

WHEREAS defendant Kekai Watanabe:

(1)   Acknowledges that the Specific Forfeitable Property is subject
      to forfeiture as described above; and

(2)   Waives and abandons all right, title, and interest in the Specific
      Forfeitable Property; and

(3)   Waives, releases, and withdraws any claim that he may have
      made with respect to the Specific Forfeitable Property and
      waives and releases any claim that he might otherwise have
      made to it in the future; and

(4)   Agrees to consent promptly upon request to the entry of any
      orders deemed necessary by the government or the Court to
      complete the forfeiture and disposition of the Specific
      Forfeitable Property; and

(5)   Agrees that this Order is final at the time of its entry by the
      Court pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of
      Criminal Procedure; and

(6)   Waives the requirements of Rules 32.2 and 43(a) of the Federal
      Rules of Criminal Procedure regarding notice of forfeiture in
      the charging instrument, announcement of the forfeiture in the
      defendant's presence at sentencing, and incorporation of the
      forfeiture in the Judgment of Conviction; and

(7)   Acknowledges that he understands that forfeiture will be part of
      the sentence imposed upon him in this case and waives any
      failure by the Court to advise him of this, pursuant to Federal
      Rule of Criminal Procedure 11(b)(1)(J), during the plea
      hearing; and

(8)   Waives, and agrees to hold the United States and its agents and
      employees harmless from, any and all claims whatsoever in
      connection with the seizure, forfeiture, and disposal of the
      property described above; and

(9)     Waives all constitutional and statutory challenges of any kind to
any forfeiture carried out pursuant to this Order; and

WHEREAS good and sufficient cause has been shown,

It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal

Procedure, this Order shall become final as to defendant Kekai Watanabe on the

date it is entered by the Court, and it shall be made part of the sentence of

defendant Kekai Watanabe and shall be included in the judgment of conviction of

defendant Kekai Watanabe; and

THAT, pursuant to 18 U.S.C. § 924(d), any and all interests of defendant

Kekai Watanabe in the Specific Forfeitable Property, specifically:

i.      Seven rounds of Hornady 9mm Luger ammunition, two rounds
of Blazer 9mm Luger ammunition, one round of Remington
9mm Luger ammunition, and a privately made firearm, 9mm
Luger caliber, with no serial number, all seized from the
defendant on or about May 12, 2020,

are hereby forfeited to the United States of America; and

THAT the Specific Forfeitable Property shall be held by the appropriate

United States agency in its secure custody and control until the appropriate

disposition of the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(1), as incorporated by 28 U.S.C.

§ 2461, the United States shall publish notice of this Order, and of its intent to

dispose of the Specific Forfeitable Property in such a manner as the Attorney

4

General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

THAT the United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Specific Forfeitable Property as a substitute for published notice as to those persons so notified; and

THAT, pursuant to 21 U.S.C. § 853(n), any person, other than the above-named defendant, asserting a legal interest in the Specific Forfeitable Property may, within 30 days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Specific Forfeitable Property; and

THAT, pursuant to 21 U.S.C. § 853(n)(3), any petition filed by a third party asserting an interest in the Specific Forfeitable Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Specific Forfeitable Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Specific Forfeitable Property, any additional facts supporting the petitioner's claim, and the relief sought; and

THAT if no third party files a timely claim, this Order shall become the Final Order of Forfeiture as to the Specific Forfeitable Property, as provided by Fed. R. Crim. P. 32.2(c)(2); or, upon adjudication of all third-party interests, this

Court will enter a Final Order of Forfeiture for the Specific Forfeitable Property

pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed; and

THAT this Court shall retain jurisdiction to enforce this Order, and to amend

it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal

Procedure.

The undersigned hereby consent to
the entry and form of this order:

CLARE E. CONNORS
United States Attorney

_____Dated:   December \_\_\_\_\_, 2023
By:   CRAIG S. NOLAN
Assistant United States Attorney

_____Dated:   December \_\_\_\_\_, 2023
MAXIMILIAN J. MIZONO, ESQ.
Attorney for Defendant Kekai Watanabe

_____Dated:   December \_\_\_\_\_, 2023
KEKAI WATANABE
Defendant

_____
HONORABLE HELEN GILLMOR
Senior United States District Judge


USA v. Kekai Watanabe; Criminal No. 21-00066 HG; "Preliminary Order of
Forfeiture (Specific Property)"